IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LONNIE ROACHER,**

    Petitioner,

v.                                                                            Civil Action No. **3:15CV181**

**KEITH DAVIS,**

    Respondent.

## MEMORANDUM OPINION

Lonnie Roacher, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Williamsburg and James City County, Virginia (hereinafter, "Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Roacher has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

## I. PROCEDURAL HISTORY

Roacher was convicted of possession of a firearm by a violent felon and two counts of assault and battery of a law enforcement officer. *Commonwealth v. Roacher*, Nos. 19833-00 through 19835-00, at 1-2 (Va. Cir. Ct. Sept. 8, 2011). The Circuit Court sentenced Roacher to six years of imprisonment. *Id.* at 2. Roacher appealed. On November 1, 2012, the Supreme Court of Virginia refused Roacher's petition for appeal. *Roacher v. Commonwealth*, No. 121119, at 1 (Va. Nov. 1, 2012).

On July 15, 2013, Roacher filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Roacher v. Davis*, No. CL13001250-00 (Va. Cir. Ct. July 15, 2013). The Circuit Court denied the petition. *Roacher v. Davis*, No. CL13001250-00, at 8 (Va. Cir. Ct. Nov. 25, 2013). Roacher appealed. On July 14, 2014, the Supreme Court of Virginia refused Roacher's petition for appeal. *Roacher v. Davis*, No. 140335, at 1 (Va. July 14, 2014).

On or about March 13, 2015, Roacher filed his § 2254 Petition with this Court.[1] In his § 2254 Petition, Roacher asserts the following claims for relief:

| | |
|---|---|
| Claim One | "The trial court refused to allow the jury to inspect a material exhibit . . . moved into evidence by the court." (Mem. Supp. 2254 Pet. 2.)[2] |
| Claim Two | "The Virginia Court of Appeals [and subsequently the state's Supreme Court by its refusal of discretionary review] violated Roacher's . . . rights by affirming the trial court's ruling where the trial record is clear that evidence was withheld from the jury." (*Id.* (alteration in original).) |
| Claim Three | "Roacher's Sixth Amendment rights to the effective assistance of counsel and a fair adversarial trial were violated by the ineffective assistance of trial and appellate counsel." (*Id.* at 3.) |

---

[1] This is the date that Roacher states that his § 2254 Petition was deposited in the prison mailing system (*see* ECF No. 1-2, at 1), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court notes that Roacher's § 2254 Petition was not mailed by Roacher, but by David Cavalieri, at Sussex II State Prison. (ECF No. 1-2, at 1.) Although Roacher was incarcerated at the Lawrenceville Correctional Center at the time the Court received his § 2254 Petition, (ECF No. 1-1, at 1), the envelope that contained the § 2254 Petition bears a return address of "David Cavalieri . . . Sussex II State Prison 2C-19 Waverly VA 23891" (ECF No. 1-2, at 1.) The envelope further reflects that it was received by Sussex II State Prison Mailroom on March 16, 2015.

[2] The Court corrects the punctuation and removes the emphasis in the quotations from Roacher's submissions.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Roacher's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Roacher's judgment became final on Wednesday, January 30, 2013, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is

completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on January 31, 2013, and continued to until run for 165 days until Roacher filed his state petition for a writ of habeas corpus on July 15, 2013. *See* 28 U.S.C. § 2244(d)(2).

C.  **Statutory Tolling**

The limitation period remained tolled until the Supreme Court of Virginia refused the petition for appeal with respect to the state habeas petition on July 14, 2014. The limitation period began to run again on July 15, 2014 and expired 200 days later on Friday, January 30, 2015. Roacher failed to file his § 2254 Petition by that date. Rather, Roacher filed his §2254 Petition 42 days after the statute of limitations expired. Accordingly, the § 2254 Petition is barred unless Roacher demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. Roacher argues that his § 2254 Petition is timely because the limitation period should be equitably tolled due to his temporary incapacitation. (Traverse 1-4, ECF No. 18.) As explained below, Roacher's argument is not persuasive.

Roacher claims that he is entitled to equitable tolling because on, November 27, 2014, while at the Lawrenceville Correctional Center, he was attacked by another inmate. (Traverse 1-2.) As a result of this assault, Roacher sustained a "fractured jaw, contusion from blunt force trauma that required 4 staples to the back of [his] head and left [him] with a concussion." (*Id.*) Roacher remained in medical isolation from November 28, 2014 until December 30, 2014. (*Id.* at 2.) While in medical isolation for 33 days, Roacher "was not allowed any of [his] personal

property and/or [to] visit the institution's law library." (*Id.*) Even after Roacher's release from medical isolation, he continued to suffer from "blurred vision, headaches, insomnia, [and] post-traumatic stress disorder . . . ." (*Id.*)

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)). As explained below, Roacher has not demonstrated that an extraordinary circumstance prevented filing his § 2254 Petition in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))).

Roacher was released from medical isolation on December 30, 2014. Upon his release, Roacher had ample opportunity to file his § 2254 Petition prior to the January 30, 2015 deadline.[3] Roacher fails to state what actions, if any, he took in the days following his release

---

[3] "[A] bare assertion that a petitioner suffers from some mental impairment, 'without more, is insufficient to justify equitable tolling.'" *Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va.

5

from isolation to pursue his federal claims. This alone forecloses Roacher's entitlement to equitable tolling. *Yang*, 525 F.3d at 930 (citation omitted); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).

Moreover, the record indicates that some of the delay in filing the action was occasioned by Roacher's failure to mail the § 2254 Petition directly to this Court. As noted above, in footnote 1, Roacher apparently transmitted his § 2254 Petition to David Cavalieri, at Sussex II State Prison, rather than sending it promptly to this Court. *Cf. Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).[4]

Because Roacher fails to demonstrate that some extraordinary circumstance, rather than his own lack of diligence, prevented him from filing in a timely manner, the statute of limitations bars the § 2254 Petition.

---

2009) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005)). Roacher's vague complaints of headaches, blurred vision, insomnia and post-traumatic stress disorder following his release from isolation fail to qualify as extraordinary circumstances that warrant equitable tolling. *See id.* at 541-42 (rejecting petitioner's demand for equitable tolling based on his generalized assertion that he suffered from post-traumatic stress disorder). Roacher makes no effort to explain how any of his alleged mental or physical ailments actually prevented him filing a § 2254 petition.

[4] Equitable tolling does not excuse Roacher from complying with the statute of limitations simply because he tried and came close to filing within limitation period. The petitioner must give some account for each day he filed beyond the limitation period. In *Rouse*, the Fourth Circuit held that petitioner, under sentence of death, who filed his § 2254 petition one day late was untimely as he had "not shown any extraordinary circumstances beyond his control that prevented him from complying with the statute of limitations." *Rouse*, 339 F.3d at 241, 253.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Roacher's § 2254 Petition will be DENIED. The action will be DISMISSED. The Court will deny a certificated of appealability.[5]

An appropriate Final Order shall issue.

Date: DEC - 2 2015
Richmond, Virginia

/s/ 
Roderick C. Young
United States Magistrate Judge

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Roacher fails to meet this standard.

7